UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DESEAN INGRAM, *Pro Se*, ) | Case No. 1:23 CV 1273 |
| ) | |
| Plaintiff ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| CMHA, *et al.*, ) | |
| ) | MEMORANDUM OPINION |
| Defendants ) | AND ORDER |

*Pro Se* plaintiff DeSean Ingram filed this civil rights action against CMHA and Forest View Apartments, LLC (Doc. No. 1). For the reasons that follow, the Complaint is hereby dismissed.

**I. BACKGROUND**

Plaintiff's Complaint consists of disjointed statements and sentence fragments. He cites as the basis for jurisdiction "federal civil and criminal...All my rights have been taken." (Doc. No. 1 at 3). His statement of claim is "Help. Corruption at the highest level." (*Id.* at 4). And for his request for relief, he states, "To get away from these psychos." (*Id.*).

The Complaint consists of a chronology of events from 2020 through 2023, which seems to concern Plaintiff's living conditions at his residence and his property manager or landlord. Plaintiff's statements include the following: this matter is well past retaliatory eviction, discriminative eviction, and unlawful eviction...imagine being kidnapped and held captive for 7 years; I am receiving

infections through the mail; the attack on me changed everything...it was all about evicting me and stopping me from finalizing my healing...then the price went up on rent...later that year inflation; they told me rent was 211...and switch it to 187...that's murder; Jeff Bezos or Amazon ...put Covid in my salt; I was sent Monkey Pox; 1 CEO from YouTube resigned; my lease renewed but CMHA is stalling on my move; I'm being "surveilled" everywhere I go; we are trying a banking disaster to stop me from finalizing my healing; the second Google employee committed suicide; they are forcing themselves on me; they are putting a hit on me every day; my son is in the hospital and my landlord is trying to break in; and more than likely they are watching me type this right now. (*See* Doc. No. 1-2).

The Complaint also includes several exhibits, including a "Tenant Notice" from Forest View Apartments, a notification from Ultra Mobile, a copy of a Florida license plate, a picture of a white van, an apparent screen shot from a phone regarding someone's illness, and a "Rent Change Notification" from CMHA. (*Id.*).

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.

*Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. LAW AND ANALYSIS

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*,

528 F.3d 426, 437 (6th Cir. 2008). The Complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's Complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to connect any alleged occurrence to any specific, cognizable injury, and he fails to coherently identify how the defendants harmed him. Additionally, Plaintiff's pleading does not contain a decipherable legal claim within the jurisdiction of this Court or a proper request for relief. And his factual allegations are at times wholly incredible and irrational. Plaintiff's Complaint therefore lacks an arguable basis in fact and fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and his Complaint (Doc. No. 1) is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 23, 2023